UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ROBERT D. BREWER,<br><br>    Defendant. | Case No. 14-cr-40014-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Robert D. Brewer's motions to suppress statements (Doc. 33) and physical evidence (Doc. 34). A defendant who seeks to suppress evidence bears the burden of making a *prima facie* showing of illegality. *United States v. Randle*, 966 F.2d 1209, 1212 (7th Cir. 1992). The Court need not schedule a hearing on the basis of a motion which fails to allege a *prima facie* showing of illegality and which relies, at best, on vague, conclusory allegations. *Id.* at 1212; *United States v. Rollins*, 862 F.2d 1282, 1291 (7th Cir. 1988). A defendant must present "definite, specific, detailed, and nonconjectural" facts that justify relief before a district court will even grant a suppression hearing. *Randle*, 966 F.2d at 1212; *United States v. Villegas*, 388 F.3d 317, 324 (7th Cir. 2004); *see United States v. Felix-Felix*, 275 F.3d 627, 633 (7th Cir. 2001) (defendant's "burden to establish the necessity of a hearing by demonstrating that there was a disputed material issue of fact justifying relief").

**I.     Motion to Suppress Statements (Doc. 33)**

In this motion, Brewer asks the Court to suppress statements he made to law enforcement officers on May 7, 2013, on the grounds that they were obtained in violation of his Fifth Amendment right against self-incrimination and Sixth Amendment right to counsel. He argues he gave the incriminating statements while in custody without being advised of his *Miranda* rights.

The Court will deny the motion on the grounds that nothing Brewer says in his motion indicates he was in custody when he made his statements. Therefore, introduction of those statements would not violate his Fifth Amendment rights.

In *Miranda v. Arizona*, 384 U.S. 436, 460-61 (1966), the Supreme Court determined that the rule against self-incrimination attaches, and is "fully applicable during a period of custodial interrogation." The Supreme Court requires law enforcement officers to comply with certain "prophylactic" procedures before questioning an individual in custody. A suspect "must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed." *Id.* at 444; *accord J.D.B. v. North Carolina*, 131 S. Ct. 2394, 2401 (2011); *Dickerson v. United States*, 530 U.S. 428, 435 (2000). The *Miranda* requirements are constitutional, not simply an exercise of the Supreme Court's supervisory authority to regulate evidence. *Dickerson*, 530 U.S. at 438, 444. Statements gathered without giving *Miranda* warnings carry an irrebuttable presumption of involuntariness and are inadmissible in the prosecution's case in chief, even if seemingly voluntarily made by other standards. *Oregon v. Elstad*, 470 U.S. 298, 306 (1985).

An individual is "in custody" for *Miranda* purposes when "there is a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest." *California v. Beheler*, 463 U.S. 1121, 1125 (1983) (*per curiam*). The determination requires an objective, two-part inquiry: "[F]irst, what were the circumstances surrounding the interrogation; and second, given those circumstances, would a reasonable person have felt he or she was not at liberty to terminate the interrogation and leave." *Thompson v. Keohane*, 516 U.S. 99, 112 (1995) (internal quotations omitted), *cited in Yarborough v. Alvarado*, 541 U.S. 652, 662-63 (2004). In determining whether an individual is objectively "in custody," the Court should examine all the circumstances of the interrogation. *Stansbury v. California*, 511 U.S. 318, 322 (1994) (*per*

*curiam*). However, the subjective views of the questioning officer or the person being questioned are irrelevant. *Id.* at 323; *J.D.B.*, 131 S. Ct. at 2402.

Brewer states that three law enforcement officers talked to Brewer outside of his home and asked him if they could speak with him about an ongoing methamphetamine investigation. The officers told Brewer twice that he was not under arrest and that did not have to speak with them. They also told him it would be best if he told the truth and cooperated with their investigation and that this was his only opportunity to do so, but they did not administer *Miranda* warnings. Brewer said he should speak to his attorney but answered the officers' questions anyway. The officers did not accept some of his initial answers and continued to question him. He now seeks to suppress those statements.

There is simply no way a reasonable person would have felt he was not at liberty to terminate the interrogation and leave. The questioning occurred outdoors near Brewer's home, not in a confined space. Nothing the officers said would cause a reasonable person to feel he was in custody; they told Brewer he was not in custody and did not have to speak with them. There is no allegation of any other circumstance that would have amounted to a restraint on Brewer's movement to the degree associated with a formal arrest. Brewer's subjective feelings about whether he was restrained are not relevant to the inquiry.

Brewer also mentions in passing a violation of his Sixth Amendment right to counsel by the events described above. However, at the time of those events, adversary judicial criminal proceedings had not yet begun against Brewer, so his Sixth Amendment right to counsel had not yet attached. *Kirby v. Illinois*, 406 U.S. 682, 689 (1972).

For these reasons, the Court finds Brewer has not even made a *prima facie* showing of a violation of his Fifth Amendment right against self-incrimination or his Sixth Amendment right to counsel. Therefore, the Court declines to hold a hearing on this motion and, accordingly,

**DENIES** the motion to suppress statements (Doc. 33).

II.     **Motion to Suppress Physical Evidence (Doc. 34)**

Brewer asks the Court to suppress items seized from his vehicle during his arrest on February 7, 2014.   He claims the search of his vehicle was unreasonable and in violation of the Fourteenth Amendment.   The Court **ORDERS** the Government to respond to this motion on or before September 26, 2014.   Brewer shall have up to and including October 10, 2014, to reply to that response.

**IT IS SO ORDERED.**
**DATED:   August 29, 2014**

                                         s/J. Phil Gilbert
                                         **J. PHIL GILBERT**
                                         **DISTRICT JUDGE**